IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENNAR HOMES OF TEXAS SALES AND MARKETING, LTD., | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:14-cv-01094 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| PERRY HOMES, LLC | § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Lennar Homes of Texas Sales and Marketing, Ltd. ("Plaintiff") complains of Defendant Perry Homes, LLC ("Defendant" or "Perry") and alleges as follows:

## I.
### PARTIES

1.      Plaintiff is a limited partnership organized under the laws of the State of Texas with its principal place of business at 550 Greens Parkway, Suite 100, Houston, Texas 77067.

2.      Defendant is a limited liability company organized under the laws of the State of Texas.  It may be served with process through its registered agent, Michael C. Brisch, or any authorized member, manager or officer at its registered office address, 9000 Gulf Freeway, Houston, Texas 77017.

## II.
### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.  Plaintiff's claims are predicated upon the Copyright Act of 1976, as amended 17 U.S.C. § 101 *et seq.*

4.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because Perry is subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

5.     This Court has personal jurisdiction over Perry.  Perry has conducted and continues to conduct business within the State of Texas and the Southern District of Texas. Perry offers for sale, sells, and advertises homes and other products or services in the United States, the State of Texas, and the Southern District of Texas.  Perry has engaged in wrongful conduct with foreseeable injurious effects within the State of Texas and, more particularly, within the Southern District of Texas.

### III.
### BACKGROUND FACTS

**A.     Business of Lennar**

6.     Plaintiff is a Texas-based subsidiary of Lennar Corporation, which was founded in 1954 by Leonard Miller as a local homebuilder in Miami, Florida.  During the 1980s and 1990s, Lennar Corporation expanded and became a major homebuilder in Florida, California and Texas.  Now one of the largest homebuilders in the United States, Lennar Corporation and its subsidiaries including Plaintiff (collectively, "Lennar") employ more than four thousand people around the country and, in 2011, built more than 11,000 new homes in 18 states.

7.     As a national leader in the field of home building, Lennar makes a significant investment in designing homes that are distinctive and specially crafted to meet the needs of customers in each of its many markets.  Lennar designs most of the homes that it sells and, each year, invests millions of dollars designing unique new homes to be built in its developments.

**B.      Plaintiff's Copyrighted Burgundy Home Design**

8.      This action arises from Defendant's infringement on a copyrighted townhome design owned by Plaintiff known as the Burgundy Townhome Design, Design No. 2291 (the "Burgundy Home Design."). The Burgundy Home Design is an original work of authorship that was independently created by Lennar during 2012 and has been in continuous use since at least as early as April 2013.

9.      The Burgundy Home Design constitutes original and copyrightable subject matter under the U.S. Copyright Act. On February 20, 2014, United States Copyright Registration No. VA0001893104, entitled "Burgundy Townhome Design. Design No. 2291 constructed (4/2013)," was duly and legally issued to Lennar Corporation ("the Original Registration"). Effective March 19, 2014, a Supplementary Registration was duly and legally issued updating the Original Registration to designate Plaintiff as the correct author and copyright claimant. Copies of the Original Registration and Form CA Supplementary Copyright Registration (collectively, the "Burgundy Registration") are attached as Exhibits A and B.

10.      Plaintiff owns all rights, title and interest in and to the Burgundy Registration and has duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Burgundy Home Design.

**C.      Defendant's Infringing Activities**

11.      The development at issue in this case is Creekside Park, a large, multi-builder community in The Woodlands, Texas. Lennar successfully bid on lots in the Phase I area of Creekside Park known as Heron's Place, and began building townhomes there based on the Burgundy Home Design.

---

12.     Importantly, the developer of Creekside Park designed the lot size for both Phase I and Phase II of the development based on Plaintiff's Burgundy Home Design and certain related Lennar designs.  When Phase II was opened for bidding, Plaintiff was already building townhomes based on the Burgundy Home Design in Phase 1, and had completed at least one model that was open for public viewing.  In addition, Plaintiff had made brochures depicting available floor plans, including the Burgundy Home Design, available both in hard copy in the model home and on Plaintiff's website.  A copy of pertinent plans from the brochure advertising the Burgundy Home Design is attached as Exhibit C.

13.     Defendant, a Houston, Texas based new home builder and Lennar competitor, outbid Lennar for certain lots in the Phase II area of Creekside Park.  Before bidding or commencing construction on the Phase II lots, Defendant's agents and employees viewed the plans for the Burgundy Home Design on multiple occasions.

14.     In or around January 2014, Plaintiff discovered that Defendant was building, marketing and selling townhomes in Phase II of the development with floor plans that are nearly identical to and infringe upon the Burgundy Home Design.

15.     Among other things, Defendant is advertising, promoting, offering for sale and/or selling, without authorization or license from Plaintiff, Home Design No. 2249, which is a studied imitation of Plaintiff's Burgundy Home Design.  A copy of a brochure advertising Home Design No. 2249 is attached as Exhibit D.

16.     A side-by-side comparison of Defendant's Home Design No. 2249 and Plaintiff's Burgundy Home Design is set forth below:

| Plaintiff's Burgundy Home Design | Perry's Home Design No. 2249 |
|---|---|
|  | |

17.     Defendant is also advertising, promoting, offering for sale and/or selling, without authorization or license from Plaintiff, Home Design No. 2235, which is a studied imitation of Plaintiff's Burgundy Home Design.  A copy of a brochure advertising the Home Design No. 2235 is attached as Exhibit D.  A side-by-side comparison of Defendant's Home Design No. 2235 and Plaintiff's Burgundy Home Design is set forth below:

| Plaintiff's Burgundy Home Design | Perry's Home Design No. 2235 |
|---|---|
|  | |

18.     Plaintiff has placed Defendant on notice of the claims asserted herein.  Although counsel for the parties have discussed this matter several times, Defendant has failed and refused to stop its infringing conduct.

**IV.**
**CAUSE OF ACTION**

**Copyright Infringement (17 U.S.C. § 501)**

19.     The allegations set forth in the preceding paragraphs are adopted and incorporated by reference as if fully set forth herein.

20.     Plaintiff is the exclusive owner, author and copyright claimant of the Burgundy Registration.  The Burgundy Registration is in full force and effect.

21.     Defendant, without authorization from Plaintiff, has designed, manufactured, built, supplied, advertised, promoted, offered for sale and/or sold homes incorporating designs that were deliberately copied from and are substantially similar in overall appearance to

Plaintiff's Burgundy Home Design.  Defendant has willfully infringed and is continuing to willfully infringe Plaintiff's copyright in the Burgundy Home Design.

22.     As a direct and proximate result of Defendant's infringing conduct, Plaintiff has suffered actual economic damages and lost profits.  Further, Defendant has, as a result of its copyright infringement, made and will continue to make substantial profits and gains to which it is not in law or in equity entitled.

23.     Upon information and belief, Defendant intends to continue its willful conduct, and will continue to willfully infringe Plaintiff's copyright in the Burgundy Home Design, and to act in bad faith, unless restrained and enjoined by this Court, thereby causing Plaintiff imminent and irreparable harm for which there is no adequate remedy at law.

## V.
### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

## VI.
### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1.     That, with respect to its cause of action, Defendant has engaged in willful copyright infringement in violation of 17 U.S.C. § 501.

2.     That Defendant and all of those acting in concert with it, including its agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined nationwide from designing, manufacturing, building, supplying, advertising, promoting, offering for sale and selling any homes which infringe upon or incorporate the Burgundy Home Design, including all infringing homes that are currently under construction.

3.      That Defendant be required to recall all infringing advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, advertising and promotional materials.

4.      That Defendant be directed to file with the Court and serve upon Plaintiff, within thirty days after service of a judgment or order upon Defendant, a written report under oath setting forth in detail the manner in which Defendant has complied with the requirements set forth above in paragraphs 2 and 3.

5.      That the Court award Plaintiff its actual economic damages, lost profits, and/or Defendant's profits, as well as statutory damages, attorneys' fees and costs, to the full extent provided for by 17 U.S.C §§ 504 and 505.

6.      That Plaintiff be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

7.      That Plaintiff be awarded such additional and further relief as the Court deems just and proper.

DATED:  April 21, 2014

Respectfully submitted,

**DUNN SHEEHAN LLP**


By: *Connor G. Sheehan*
    Connor G. Sheehan
    *Attorney-In-Charge*
    State Bar No. 24046827
    S.D. Tex. Bar No. 1034898
    William D. Dunn
    State Bar No. 24002023
    John David Blakley
    State Bar No. 24069388

3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Telephone: (214) 866-0156
Telecopier: (214) 866-0070

**ATTORNEYS FOR PLAINTIFF**